Robert H. Sloss, SBN 87757
robert.sloss@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
1117 California Ave., Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9000
Facsimile: 619.235.0398

Lance D. Reich, pro hac vice
lreich@helsell.com
Kevin E. Regan, SBN 262335
kregan@helsell.com
HELSELL FETTERMAN LLP
1001 Fourth Ave., Suite 4200
Seattle, WA 98154
Telephone: 206.292.1144
Facsimile: 206.340.0902

Attorneys for Plaintiff
BIG BABOON, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| BIG BABOON, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>SAP AMERICA, INC., et al.,<br><br>                    Defendants. | Case No. CV17-02082 HSG (EDL)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS SAP AMERICA AND HP, INC.'S MOTION TO DISMISS BIG BABOON'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Date:     August 17, 2017<br>Time:     2:00 p.m.<br>Judge:   Hon. Haywood S. Gilliam, Jr.<br>Ctrm:    2<br><br>Complaint Filed:   April 13, 2017<br>Trial Date:          None set. |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................. 1

II.   STATEMENT OF THE ISSUES TO BE DECIDED ..................................................... 3

III.  STATEMENT OF THE RELEVANT FACTS .............................................................. 3

IV.   ARGUMENT .................................................................................................................. 5

    A.    The Complaint States a Claim for Patent Infringement ............................................. 5

            **1.**    Legal Standard for Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) ......... 6

            **2.**    Legal Standard for Pleading Patent Infringement ......................................... 6

            **3.**    BBI's Complaint Sufficiently Pleads Facts to Put the Defendants on Notice ............................................................................................................... 7

            **4.**    The Complaint Clearly Identifies the Accused Products .............................. 8

            **5.**    BBI Does Not Need to Allege that Each Defendant Perform Every Limitation of at Least One Claim of the Asserted Patent ............................... 9

            **6.**    The Complaint Clearly Alleges that SAP "Uses" the R/3 System ............... 12

            **7.**    The Existence of the Patent Local Rules Disfavors Motions to Dismiss for Failure to State a Claim of Infringement ................................................. 13

    B.    Dismissal With Prejudice Is Unwarranted ............................................................. 14

V.    CONCLUSION ............................................................................................................. 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*
   989 F. Supp. 1237 (N.D. Cal. 1997) .......................................................................5, 6, 7

5

6

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ........................................................................................6, 9, 13, 14

7

*Baxter Healthcare Corp. v. Spectramed, Inc.*
   49 F.3d 1575 (Fed. Cir. 1995) ..................................................................................9

8

9

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................................6, 7, 9, 13, 14

10

11

*CG Tech. Dev., LLC v. FanDuel, Inc.*
   2016 WL 6089693 (D. Nev. Oct. 18, 2016) ...............................................................11

12

*Cousins v. Lockyer*
   568 F.3d 1063 (9th Cir. 2009) ..................................................................................6

13

14

*e.Digital Corp., v. iBaby Labs, Inc.,*
   2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ................................................10

15

16

*Faulkner v. ADT Sec. Servs., Inc.*
   706 F.3d 1017 (9th Cir. 2013) ..................................................................................6

17

*Gerritsen v. Warner Bros. Entertainment Inc.*
   112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) ..........................................................11

18

19

*Gompper v. VISX, Inc.*
   298 F.3d 893 (9th Cir. 2002) ....................................................................................14

20

21

*H.R. Techs., Inc. v. Astechnologies, Inc.*
   275 F.3d 1378 (Fed. Cir. 2002) ................................................................................14

22

*InCom Corp. v. Walt Disney Co.*
   2016 U.S. Dist. LEXIS 71319 (C.D. Cal. Feb. 4, 2016) ...........................................7

23

24

*Insidesales.com, Inc. v. Salesloft.com, Inc.*
   2017 WL 2559932 (D. Utah June 13, 2017) .........................................................7, 13

25

26

*Johnson v. Fed. Home Loan Mortg. Corp.*
   793 F.3d 1005 (9th Cir. 2015) ..................................................................................11

27

*Lee v. City of Los Angeles*
   250 F.3d 668 (9th Cir.2001) .................................................................................3, 6, 14

28

ii

*Morton & Bassett, LLC v. Organic Spices, Inc.*
  2016 WL 4608213 (N.D. Cal., September 6, 2016)................................................................11

*Peters v. Active Mfg. Co.*
  129 U.S. 530, 9 S. Ct. 389 (1889) ...........................................................................................9

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*
  203 F.3d 790 (Fed. Cir. 2000) ...........................................................................................7, 12

*Pinterest Inc. v. Pintrips Inc.*
  15 F. Supp. 3d 992, 997 (N.D. Cal. 2014)................................................................................6

*Polaroid Corp. v. Eastman Kodak Co.*
  789 F.2d 1556 (Fed. Cir. 1986) ................................................................................................9

*Reddy v. Litton Indus., Inc.*
  912 F.2d 291 (9th Cir. 1990) ..................................................................................................14

*Sparling v. Daou*
  411 F.3d 1006 (9th Cir. 2005) ................................................................................................14

*Symantec Corp. v. Veeam* Software Corp.,
  WL 1965832 (N.D. Cal. 2012) ................................................................................................13

*Syneron Med. Ltd. v. Viora Ltd.*
  2014 WL 7140643 (E.D. Tex. Dec. 12, 2014) ..........................................................................1

*Tai v. Minka Lighting, Inc.*
  2017 WL 568519 (D. Ariz. Feb. 13, 2017) .........................................................................9, 10

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*
  279 F.3d 1357 (Fed. Cir. 2002) ................................................................................................9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
  551 U.S. 308, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007) ..........................................................6

*Windy City Innovations, LLC v. Microsoft Corp.*
  193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016)....................................................................12, 13

*Wistron Corp. v. Phillip M. Adams & Assocs.*
  LLC, 2011 WL 1654466 (N.D. Cal. Apr. 28, 2011) ...............................................................13

*Ziptronix, Inc. v. Omnivision Techs., Inc.*
  2011 WL 5416187 (N.D. Cal. Nov. 8, 2011). Dkt. ...........................................................10,14

**FEDERAL STATUTES, REGULATIONS, AND RULES**

35 United States Code § 321 .........................................................................................................4

Federal Rule of Civil Procedure § 12(b)(6)....................................................................................6

Federal Rule of Civil Procedure § 8(a)(2) ........................................................................................7

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT                                    CV17-02082 HSG (EDL)

Pursuant to Civil L.R. 7-3(a), Plaintiff Big Baboon, Inc. ("BBI") hereby files its opposition to Defendants SAP America, Inc. ("SAP") and HP, Inc.'s ("HP") motion to dismiss BBI's Complaint for Patent Infringement. Also filed concurrently herewith is Plaintiff's Request for Judicial Notice in Support of Oppositions to Defendants' Motion for Rule 11 Sanctions and Motion to Dismiss Complaint.

## I.    INTRODUCTION

The Defendants make the present Motion to Dismiss BBI's Complaint for Patent Infringement ("Dismissal Motion") in conjunction with the Defendant's Motion for Rule 11 Sanctions ("Rule 11 Motion"). Dkt. 19. The Defendants comingle the arguments and sensational allegations from the Rule 11 Motion into their Dismissal Motion, even though the legal issue of the Rule 11 Motion (whether or not BBI and its counsel performed an adequate pre-filing investigation) is irrelevant to that of the Motion to Dismiss (whether the Complaint plead facts sufficient to place the alleged infringer on notice).[1] Thus, most of defendants' arguments made in the Dismissal Motion are irrelevant and do not support the relief sought. The actual merits of the Dismissal Motion are easily dispensed with.

In 1997, BBI, a Bay Area software company, filed its patent application for an "Integrated business-to-business web commerce and business automation system" that allows businesses and their customers and suppliers to engage in a real-time, "seamless end-to-end internal business processes" ('275 patent Abstract), which was granted. BBI's patent rights were trampled by several large software companies and BBI brought suit against the largest users of the patented technology in 2009 in the Central District of California. After the suit commenced, SAP--the

---

[1] Unfortunately, much of the rancor from defendants' Rule 11 Motion spills into the Dismissal Motion: "No less noteworthy than the rapid turnaround, Big Baboon's counsel in the Central District case—Quinn Emanuel—is nowhere to be found on the pleadings for this case. In terms of the Complaint filed by its new firm, Big Baboon readily reveals its continued failure to properly investigate its claims." Dkt. 20 at 2; "On April 12, 2017, the Court entered Judgement against Big Baboon. [] Apparently without additional investigation and using a different law firm, Big Baboon filed this litigation the very next day." Dkt. 20 at 5. These gratuitous *ad hominem* attacks of the integrity of undersigned counsel certainly evinces the observation of Judge Gilstrap in *Syneron Med. Ltd. v. Viora Ltd*., 2014 WL 7140643, at *5 (E.D. Tex. Dec. 12, 2014), that early Rule 11 Motions leave the parties "with heightened emotions and a tainted environment at a relatively early stage in the litigation process," and thus should be disfavored.

second largest provider of "enterprise resource planning software" in the world—through their same counsel here, started a series of administrative challenges of BBI's patents at the US Patent and Trademark Office (USPTO). SAP was not a defendant in the C.D. Cal. action but apparently was indemnifying several defendants there, including HP.

First, SAP's counsel filed an ex parte reexamination that cancelled many of the '275 patent claims, but claim 15 survived (and new claims were 20-34 added). Then SAP, joined with HP, filed a "Covered Business Method" (CBM) petition for a post-grant review to attempt to cancel claim 15 and the new claims, which they lost. All of the administrative challenges extensively relied upon documentation regarding the SAP system called "R/3" that was and is sold, used, and maintained by SAP, even to this date. In repeatedly trying to cancel the '275 patent, SAP/HP filed pleadings at the USPTO that shows where in the R/3 systems the elements of claim 15 are found.

The C.D. Cal action was ultimately dismissed because all of the asserted claims in that action were cancelled by the reexamination, and claim 15 was not asserted there. The court there gave express permission to BBI to assert claim 15 in a new action. That new action is the present action in this Court.

Here, BBI's complaint adequately and plausibly states the elements of a patent infringement cause of action and gives defendants notice of BBI's claims. The Complaint makes explicit reference to three different claim charts filed at the United States Patent and Trademark Office ("USPTO") that map the elements of various versions the R/3 system of SAP to claim 15 of the '275 patent, as well as detailed argument from the defendants' expert in a declaration that defendants filed with the USPTO explaining how the elements of the R/3 systems map on to claims 15 and 20-34, all of which BBI has requested the Court to take judicial notice of. And the Defendants certainly have adequate notice of which of their products are alleged to infringes the '275 patent--R/3, R/4, and the ERP CC--notwithstanding Defendants' perplexing protestation that "'R/4' does not even exist." Dkt. 20 at 2.   Moreover, in the Dismissal Motion, defendants refer to extraneous evidence cited in support of their Rule 11 Motion, as well as other facts outside the four corners of Plaintiff's Complaint and documents referenced therein. "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6)

2

motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Many of the facts that the defendants ask the Court to weigh in the Dismissal Motion—e.g., what happened in the early C.D. Cal. Action between BBI and HP [Dkt. 20, pp.3-5]—cannot be properly considered by the Court here.

BBI has met its burden under the Federal Rules of Civil Procedure and governing case law. BBI requests that the Court deny the Dismissal Motion.

## II.    STATEMENT OF THE ISSUES TO BE DECIDED

Does BBI's Complaint plead facts sufficient to place SAP and HP on notice of the claim of patent infringement, and if not, should the Complaint be dismissed with prejudice?[2]

## III.    STATEMENT OF THE RELEVANT FACTS

1.    BBI is a software company founded and headquartered in Palo Alto, and is the owner of US Patent Nos. 6,343,275 (the "'275 patent") and 6,115,690 (the "'690 patent").  Compl., Dkt. 1, p. 1, ¶2.

2.    Klarquist Sparkman, LLP, counsel for SAP and HP in this action, filed an ex parte request for reexamination of the '275 and 690 patents on April 28, 2010.  Compl. Dkt. 1, p. 1, ¶3. Req. for Judicial Notice, p. 4.[3]

3.    In the '275 reexamination, Klarquist Sparkman filed at the USPTO a claim chart arguing element-by-element that all elements of claim 15 of the '275 patent were found within SAP documentation called "R/3 Release 3.0E Online Documentation in View of Using SAP R/3". Reich Decl. ¶16 (authenticating document referenced in Complaint ¶ 3); Req. for Judicial Notice, p.4 (same document).

///

_____

[2] Oddly, the present Dismissal Motion seeks as a sanction "dismissal with prejudice."  Dkt. 20 at 12, whereas the Rule 11 Motion seeks to dismiss the complaint "without prejudice" as a sanction. Dkt. 19 at 17.  Given the serious nature of the Rule 11 Motion, one would think the gravity of the dismissals would be exactly the opposite in the motions.  Furthermore, defendants' motion fails to demonstrate that BBI is incapable of prevailing as a matter of law, and thus dismissal with prejudice at this early stage of litigation is inappropriate.
[3] As explained below, it is entirely proper for the Court to consider filings from administrative proceedings that are referenced in the Complaint in a motion to dismiss when properly introduced through a request for judicial notice.  This is in contrast to defendants' attempt to present evidence through declarations and other means.

4.    Also in the '275 reexamination, Klarquist Sparkman filed at the USPTO on April 28, 2010, a claim chart arguing element-by-element that all elements of claim 15 of the '275 patent were found within SAP documentation called "R/3 Release 3.0E Online Documentation in View of R/3 on the Internet White Paper, in Further View of Using SAP R/3".  Reich Decl. ¶18 (authenticating document referenced in Complaint ¶ 6); Req. for Judicial Notice, p. 4 (same document).

5.    On December 18, 2015, SAP and HP (the same defendants in this action), through counsel Klarquist Sparkman, filed a Petition for Post-Grant Review of a Covered Business Method Patent Under 35. U.S.C. § 321 and § AIA 18, at the USPTO (the "CBM Petition"), which created proceeding CBM2016-00020. Reich Decl. ¶21 (authenticating document referenced in Complaint ¶¶ 3 and 6); Req. for Judicial Notice, p.4-5.

6.    The CBM Petition has claim charts arguing element-by-element that all elements of claim 15, except for the "web enabled software module," and claims 20-34 of the '275 patent were found within SAP documentation called "R/3 Online," and that "by December 22, 1997, a [Person of Ordinary Skill in the Art] would have been (1) highly motivated and (2) able to provide a Web interface for system administration of the R/3 System."  Reich Decl. 23 (authenticating document referenced in Complaint ¶¶ 3 and 6), Ex. 3, pp. 45-65; Req. for Judicial Notice, p.4-5 (same document).

7.    Along with their CBM Petition, SAP and HP filed the Declaration of Philip Greenspun in Support of Petition for Covered Business Method Review of U.S. Patent No. 6,343,275, filed at the USPTO on December 18, 2015 ("Greenspun Declaration").  Reich Decl., ¶25 (authenticating document referenced in Complaint ¶¶ 3 and 6); Req. for Judicial Notice, p.5 (same document).

8.    In his declaration, Greenspun expressly made a statement in support of why the "web-enabled software module" of claim 15 was obvious—that SAP ultimately added "web browser interfaces to its R/3 software."  Reich Decl., ¶26, 27 (authenticating document referenced in Complaint ¶¶ 3 and 6), Ex. 5; Req. for Judicial Notice, p. 5 (same document).

9.      BBI's Complaint alleges that "SAP America has, within the past six years, directly infringed and is infringing claims 15 and 20-34 of the '275 Patent by making, using, or selling in this judicial district and elsewhere the inventions claimed in the '275 Patent," Compl., Dkt. 1 at 5, ¶29, and that "SAP America is not licensed or otherwise authorized to make, use, import, sell, or offer to sell any invention claimed in the '275 Patent, and Defendants' conduct is, in every instance, without Plaintiff's consent." *Id*. at 6, ¶32.

10.     BBI's Complaint identifies the infringing products for SAP as "including the R/3 system, and upgrades thereof such as R/4, SAP ERP Central Component (ECC), and other web-based, enterprise resource planning products." Dkt. 1 at 5-6, ¶30.

11.     BBI's Complaint alleges that "HP has, within the past six years, directly infringed and is infringing claims 15 and 20-34 of the '275 Patent by making, using, or selling in this judicial district and elsewhere the inventions claimed in the '275 Patent," Dkt. 1 at 6, ¶35, and that "HP is not licensed or otherwise authorized to make, use, import, sell, or offer to sell any invention claimed in the '275 Patent, and Defendants' conduct is, in every instance, without Plaintiff's consent." Dkt. 1 at 7, ¶38.

12.     BBI's complaint identifies the infringing products for HP as "its use of the enterprise resource planning systems made and maintained by SAP America, such as R/3 and upgrades thereof such as R/4, SAP ERP Central Component (ECC), and other web-based enterprise resource planning products." Dkt. 1 at 6-7, ¶36.

## IV.      ARGUMENT

### A.      The Complaint States a Claim for Patent Infringement

"To state a claim of patent infringement, 'a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder.'" *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc*., 989 F. Supp. 1237, 1249 (N.D. Cal. 1997). In seeking dismissal of the Complaint with prejudice, the defendants only argue that the Complaint does not state a claim for infringement because it purportedly does not: (1) identify a single infringing product; (2) does not allege that Defendants perform every limitation of at least one claim of the asserted patent; and (3)

5

1   does not allege that SAP "uses" anything.   Dkt. 20 at 6.   None of the issues raised by the

2   defendants have merit and are easily discounted.

3                    **1.      Legal Standard for Motions to Dismiss under Fed. R. Civ. P. 12(b)(6)**

4               A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient

5   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v.*

6   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7   When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as

8   true, and construe them in the light most favorable to the plaintiff.   *Faulkner v. ADT Sec. Servs.,*

9   *Inc*., 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir.

10  2009).

11              After accepting all non-conclusory allegations as true and drawing all reasonable inferences

12  in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim

13  to relief.   See *Iqbal*, 556 U.S. at 679-80.   "A claim has facial plausibility when the plaintiff pleads

14  factual content that allows the court to draw the reasonable inferences that the defendant is liable

15  for the misconduct alleged ... The plausibility standard is not akin to a 'probability requirement,'

16  but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.* at 678.

17              "As a general rule, a district court may not consider any material beyond the pleadings in

18  ruling on a Rule 12(b)(6) motion."   *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

19  "A court is, however, entitled to consider (1) documents incorporated into the complaint by

20  reference and (2) matters subject to judicial notice."   *Pinterest Inc. v. Pintrips Inc*., 15 F. Supp. 3d

21  992, 997 (N.D. Cal.  2014) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322,

22  127 S. Ct. 2499, 168 L.Ed.2d 179 (2007)).   Here, BBI requests the Court to take judicial notice of

23  the claim charts and declaration filed by SAP and HP and their counsel at the USPTO, which are

24  referred to BBI's Complaint, as noted above in ¶¶3-8 of the Statement of Relevant Facts.

25                    **2.      Legal Standard for Pleading Patent Infringement**

26              "To state a claim of patent infringement, 'a plaintiff must allege that the defendant makes,

27  uses, offers to sell, or sells the patented invention within the United States, during the term of the

28  patent, and without authority of the patent holder.'"   *Advanced Cardiovascular Sys., Inc. v. SciMed*

6

*Life Sys., Inc.*, 989 F. Supp. 1237, 1249 (N.D. Cal. 1997). A claimant is not required to "to set out in detail the facts upon which he bases his claim," instead, the complaint "need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Twombly*, 550 U.S. at 554–55, 127 S. Ct. 1955 (quoting Fed. R. Civ. P. 8(a)(2)). "Where a complaint alleging patent infringement identifies the defendant's 'products and alleg[es] that they perform the same unique function as Plaintiff's patented system,' it passes muster under Rule 8." *Insidesales.com, Inc. v. Salesloft.com, Inc.*, 2017 WL 2559932, at *4 (D. Utah June 13, 2017) (citing *InCom Corp. v. Walt Disney Co.*, 2016 U.S. Dist. LEXIS 71319, at *8 (C.D. Cal. Feb. 4, 2016)).

### 3. BBI's Complaint Sufficiently Pleads Facts to Put the Defendants on Notice

BBI's Complaint "allege[s] that defendant[s] each makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder.'" *Advanced Cardiovascular Sys., Inc.*, 989 F. Supp. at 1249. See Compl. Dkt. 1 at ¶¶29, 32, 35, 38. The Complaint also identifies the accused products and activities as SAP "making, using, or selling" (Dkt. 1 at 5, ¶29) "the R/3 system, and upgrades thereof such as R/4, SAP ERP Central Component (ECC), and other web-based, enterprise resource planning products," (Dkt. 1 at 5-6, ¶30). The Complaint also alleges that HP is "making, using, or selling" (Dkt. 1 at 6, ¶35) "the enterprise resource planning systems made and maintained by SAP America, such as R/3 and upgrades thereof such as R/4, SAP ERP Central Component (ECC), and other web-based enterprise resource planning products." Dkt. 1 at 6-7, ¶36.

BBI is not required in its Complaint to "to set out in detail the facts upon which [it] bases [its] claim"; instead, BBI's Complaint "need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc.*, 203 F.3d at 794. BBI's Complaint identifies the defendants, alleges infringement of the claims of the '275 patent, and describes the products that

7

1   are alleged to be infringing.   BBI does not need to do anything more, notwithstanding the

2   defendants' belief that some type of heightened pleading standard applies here.

###   4.   The Complaint Clearly Identifies the Accused Products

4       As noted above, the Complaint alleges the accused products to be "the R/3 system, and

5   upgrades thereof such as R/4[4], SAP ERP Central Component (ECC), and other web-based,

6   enterprise resource planning products" of SAP that are also used by HP to infringe the claims of

7   the '275 patent. Dkt. 1 at 6-7, ¶30, 36.  Several versions of the SAP R/3 systems are also referred to

8   in the claim charts for which judicial notice is requested.  See Req. for Judicial Notice, Reich Decl.

9   Ex. 2-5.   In particular, the Greenspun Declaration speaks to web-based functionality that was

10  implemented in the R/3 system after the priority date of BBI's '275 patent. Req. for Judicial

11  Notice; Reich Decl., Ex.5.  The defendants pose mere argument and inappropriately refer to facts

12  outside the Complaint and non-judicially noticed facts to support their contention that the

13  Complaint's identification of the accused product is not enough.

14      Beyond the fact that SAP/HP was able to map the functionality of the R/3 systems onto

15  claim 15 three times, the defendants firstly argue that R/3 is merely a "product line" and does not

16  sufficiently "identify a product."  Dkt. 20 at 6.  The Court should note the specific versions of the

17  R/3 systems that SAP itself mapped onto the elements of Claim 15, e.g. R/3 3.0, R/3 3.1, R/3

18  Online, etc.  See Req. for Judicial Notice, Reich Decl. Ex. 2-5.  Key here is that multiple iterations

19  of the product are alleged to infringe, such as "R/3," "R/4," and ERP "Central Component," not

20  disparate individual versions thereof.  Dkt. 1 at 6-7, ¶30, 36.  The functionality complained of is

21  performed in the "central component" of the R/3 system that exist at some point from 1997, per

22  Greespun, and that "central component" exists to this day.[5]  The R/3 system, its modification to an

23  R/4 intermediate system, and then the ERP CC are not merely the designation of a "product line."

---

24  [4] A motion to dismiss is not the appropriate vehicle to try the facts of the case.  Nevertheless, the
    defendants repeat a mantra that "R/4" is not an SAP product – it simply does not exist."  Dkt. 20 at
25  7.  Unfortunately, this issue leached into the Dismissal Motion from the Rule 11 Motion.  The
    defendants clearly know what R/4 is.  Since the defendants raise the issue here, if the Court feels it
26  needs to be addressed, BBI directs the Court's attention to Exs. 6-8 of the Reich Declaration, and
    ¶¶ 35-40 thereof, and the corresponding argument in Plaintiff's Opposition to Defendant's Motion
27  for Rule 11 Sanctions.  In sum, BBI submits that the evidence in this case will show that the term
    R/4 has meaning and that the Complaint has given the defendants adequate notice.
28  [5] In making this argument, the defendants also start repeating another mantra from their Rule 11

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT                                    CV17-02082 HSG (EDL)

The case that defendants cite in support of their argument that one needs to plead specific products as infringed, *Tai v. Minka Lighting, Inc.*, 2017 WL 568519 (D. Ariz. Feb. 13, 2017), does not hold to the contrary.  There, the Arizona court dismissed a patent infringement complaint as it "is modeled after Form 18 referenced in Federal Rule of Civil Procedure 84," which was abrogated in 2015.  *Id.* *2.  This is not an issue here.

Furthermore, the complaint there "references generally ceiling fans 'sold under the name Minka Aire Fans.'"  *Id.* *3.  An equivalent scenario here would be if BBI simply named the accused products "as software sold under the brand name SAP."  BBI has not done so do—R/3, R/4 and ERP CC are the specific products identified in the Complaint. *Tai* is inapplicable here.

The Complaint gives SAP and HP more than enough information to be on notice about which products are accused of infringing the '275 patent.  In essence, the defendants would require BBI to plead every version of the R/3 software and variants individually in the Complaint, e.g., R/3 Enterprise 3.0, R/3 Enterprise 3.1…SAP ERP CC 5.0…  This is unwarranted and unnecessary.  On its face, the Complaint properly gives notice to the defendants on what the accused products are and the Dismissal Motion should be denied.

**5.    BBI Does Not Need to Allege that Each Defendant Perform Every Limitation of at Least One Claim of the Asserted Patent**

The defendants argue "[a]s a result of a 2015 amendment to the Federal Rules of Civil Procedure, the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) apply to claims of direct patent infringement… In

Motion: "Prior art cannot infringe as a matter of law."  Dkt. 20 at 7.  Beyond the fact that BBI is not asserting here that prior art R/3 systems unmodified with the web-enabled software module infringe the '275 patent, defendants' statement is incorrect as a matter of law.  It is black letter law "[t]hat which infringes if later anticipates if earlier."  *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573 (Fed. Cir. 1986) (citing *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537, 9 S. Ct. 389 (1889)); see also *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995) ("Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device.  Questions of obviousness in light of the prior art go to validity of the claims, not to whether an accused device infringes."); *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) "[The Federal Circuit] made unequivocally clear in *Baxter* that there is no 'practicing the prior art' defense to literal infringement.").  Thus, if an element is literally present in an accused product that would anticipate a limitation of a claim if present before the priority date of that claim, that same element of the product would infringe that element of claim if it is found after the priority date.

9

a patent infringement case this means that a plaintiff must plead facts showing that it is plausible that every single limitation of at least one claim from the asserted patent is satisfied. *e.Digital Corp.*, [*v. iBaby Labs, Inc.*, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016)]." Dkt. 20 at 8. The defendants then state "[f]urther, to state a claim of infringement for a method claim, 'the patentee must identify the steps of the claimed infringing process that allegedly violated the protected method and must allege that all the protected steps have been used by the infringer.'" *Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2011 WL 5416187, at *3 (N.D. Cal. Nov. 8, 2011). Dkt. 20 at 9. The defendants then cobble together a proposition from these cases that BBI needs to plead in the Complaint specifically how SAP and HP perform each step in the claimed method of claim 15.

First, at issue in *Ziptronix* was the use by the plaintiff there of the now abrogated Fed. R. Civ. P. Form 18. *Ziptronix, Inc.*, 2011 WL 5416187 at *3. This was also the case in *Tai*, 2017 WL 568519, *2. Again, this is not an issue here.

Second, the defendants correctly note that claim 15 here is for a method (as are claims 20-34), but they omit an important difference—the SAP software system itself performs all the claimed steps. This was not the case in *Ziptronix*, where the issue was method steps for producing sensors. *Id.* at *1 ("Plaintiff alleges that Omnivision and Defendants violated its patents by using each step of the method covered by its patents when creating the image sensors[].") Here, the accused R/3 systems and its variants are alleged to infringe each step of the method through the systems' operation, which is completely performed by the R/3 system itself as commanded by the user, be it SAP or HP. Furthermore, SAP certainly services, upgrades, and updates its R/3 systems. To extent that the identified steps of the infringing use of the R/3 system and its variants in the Complaint (Dkt. 1 at 5-7, ¶¶30, 36) could be seen as insufficient to give adequate notice of infringement, SAP and HP need only refer to their own claim charts and expert argument that are referenced in the Complaint and that Court is asked to take Judicial Notice of. See Req. for Judicial Notice; Reich Decl., Exs. 2-5.

The defendants themselves agree that the Court may refer to at least to the CBM petition: "The Court can and should consider the CBM petition itself because it is referenced and relied

upon in the Complaint. See *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007-8 (9th Cir. 2015) ('we may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it…<u>we need not accept as true allegations contradicting documents that are referenced in the complaint.</u>')" Dkt. 20 at 10 (emphasis added).  The defendants correctly cite the law here, but then inappropriately go on to argue the merits of what is contained in the CBM petition.  What is appropriately before the Court is whether the facts alleged in BBI's Complaint, including facts related to proceedings at the USPTO, adequately and plausibly state a claim for relief.  Whether or not BBI should prevail on the merits is an issue to be decided at a later date.

As noted in Plaintiff's Request for Judicial Notice, while a district court should not take judicial notice of the <u>truth of the facts stated</u> in a document, it must take notice of <u>what statements the documents contain</u>.  *See, e.g.*, *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015); *Morton & Bassett, LLC v. Organic Spices, Inc.*, 2016 WL 4608213, *4 (N.D. Cal., September 6, 2016).  Thus, the plaintiff has requested the Court to take judicial notice of the facts evidenced from the filing of these documents at the USPTO and the statements they contain, not the veracity or truth of what is contained therein.  Here, the Court should take notice of the facts that SAP and HP filed explicit claim charts showing how elements of the claims of the '275 patent are found in the R/3 systems, and their expert averred that the only missing element from claim 15 in the R/3 system was later added.  These facts, which are referenced in BBI's Complaint, demonstrate that BBI's Complaint plausibly states a claim for relief.

For the purpose of the present Motion to Dismiss, the issue is whether or not those documents provide notice to the defendants of BBI's infringement claim.  These documents clearly show that it is "plausible" that the defendants infringe each element of claim 15; whether the defendants actually do is not the relevant issue here at this early juncture of litigation.  See *CG Tech. Dev., LLC v. FanDuel, Inc.*, 2016 WL 6089693 *3 (D. Nev. Oct. 18, 2016) ("The Supreme Court's interpretation of Rule 8(a) requires <u>plausible</u> allegations as to all elements of a cause of action, and the elements of a cause of action for direct infringement include each limitation of the patent claim at issue.") (emphasis added).

11

Lastly, BBI directs the Court's attention to *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016). There, Microsoft was accused of infringing 830 claims in 4 patents by selling "communications software products that provide for real-time communications over the Internet." *Id.*, 193 F. Supp. 3d at 1111. Those patents included numerous method claims. *See e.g.*, US Patent No. 8,407,356, referenced *Id*. Microsoft moved to dismiss the complaint, and in denying Microsoft's motion to dismiss the claim of direct infringement, Judge Rogers stated:

> [T]he Complaint describes (i) the Accused Instrumentalities and the functionalities of those products which allegedly infringe on plaintiff's patents and (ii) the ways in which the Accused Instrumentalities meet claims of the Patents. Additionally, defendant's argument that it should be entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents is belied by both the local patent rules and Federal Circuit authority. See *Phonometrics*, 203 F.3d at 794 (reversing district court order, which dismissed a complaint with leave to amend to include specific allegations about each element of the claims of the asserted patent); see also Patent L.R. 3-1 (setting deadlines for disclosure of specific patent claim assertions).

193 F. Supp. 3d at 1115.

Here, BBI's Complaint, alleging the infringement of 1 patent and 15 claims, describes the accused SAP products, which are also used by HP, and the functionality of those products which allegedly infringe the '275 patent. Dkt.1, ¶¶29, 20, 32, 35, 36, 38. SAP and HP even have notice of BBI's contentions that SAP and HP's claim charts further demonstrate that R/3 systems and their variants plausibly infringe the claims of the '275 patent on an element-by-element basis. Dkt. 1 at 2-3, ¶3,6. That is far more information than many patent infringement defendants typically get with the filing of the Complaint. The Court should find the *Windy City* case instructive and deny the Dismissal Motion.

### 6.    The Complaint Clearly Alleges that SAP "Uses" the R/3 System

The defendants argue that "the Complaint also fails to state a claim of infringement against SAP because it does not state that SAP "uses" any system." Dkt. 20 at 12. Defendants ignore the fact that ¶30 of the Complaint logically follows ¶29. Defendants argue "Big Baboon's Complaint does not allege that SAP 'uses'" the 'R/3 system' or any other system. Instead, it alleges only that SAP is a 'provider' of them. (ECF No. 1 ¶ 30.)" Dkt. 20at 12.

12

BBI's Complaint alleges that "SAP America has, within the past six years, directly infringed and is infringing claims 15 and 20-34 of the '275 Patent by making, <u>using</u>, or selling in this judicial district and elsewhere the inventions claimed in the '275 Patent," Dkt. 1 at 5, ¶29 (emphasis added).  The Complaint then identifies the infringing products for SAP as "including the R/3 system, and upgrades thereof such as R/4, SAP ERP Central Component (ECC), and other web-based, enterprise resource planning products."  Dkt. 1 at 5-6, ¶30.  BBI does not allege that SAP is merely a "provider" of the accused R/3 and variant system.  *See* Compl. ¶¶ 29 and 30.  The defendants cite no law in support of reading a Complaint in the disjointed manner that they advance.

BBI has clearly alleged that SAP <u>uses</u> the R/3 and variant systems, in addition to making and selling them.  At a minimum, SAP is free to deny that they use the system as pled in the Complaint, Dkt. 1 at 5, ¶29, in their Answer; this does not support dismissal of the Complaint.

### 7.    The Existence of the Patent Local Rules Disfavors Motions to Dismiss for Failure to State a Claim of Infringement

"In this District, Local Patent Rule 3–1 requires detailed disclosure of asserted claims and infringement contentions shortly after the initial Case Management Conference to provide further information about the scope of the patent infringement claim."  *Symantec Corp. v. Veeam* Software Corp., WL 1965832 (N.D. Cal. 2012).  With respect to motions to dismiss patent infringement claims for failing to state a claim, "courts have looked to the impending exchange of detailed contentions as grounds for denying motions of this sort."  *Insidesales.com, Inc*., 2017 WL 2559932, at *4 (D. Utah June 13, 2017); see also *Windy City Innovations, LLC.,* 193 F. Supp. 3d at1115 (In denying a motion to dismiss a direct infringement claim, the district court noted "[m]oreover, under the patent rules, the plaintiff is required to serve detailed disclosures later this summer.").

With respect to the Patent Local Rules of this district, several courts within the district have held that those rules often perform the function of *Twombly* and *Iqbal* with respect to pleadings related to patent infringement and invalidity.  *See, e.g.*, *Wistron Corp. v. Phillip M. Adams & Assocs*., LLC, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011) ("Local Rule 16.1–6, providing

13

for the initial disclosure of infringement contentions before discovery, was adopted no later than 2011, i.e., at a time when Rule 84 and Form 18 in conjunction permitted a direct infringement plaintiff to obtain full discovery with a bare-bones pleading that would not survive *Iqbal* and *Twombly.*  As in other districts with similar local rules, '[b]y requiring the party claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local Rules fulfill[ed] the function of *Twombly* and *Iqbal*.'"  (citation omitted)).  Here, the Court should likewise not grant the Dismissal Motion in view of the impending exchange of detailed contentions under the Patent Local Rules.

### B.   Dismissal With Prejudice Is Unwarranted

The defendants seek dismissal of the Complaint here with prejudice.  The defendants argue that "Big Baboon's Complaint should be dismissed with prejudice because any amendment would be futile." Dkt. 20 at 12-13 (citing *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 296 (9th Cir. 1990)).  Should the Court feel that the Complaint is insufficient and warranted dismissal, BBI requests that such dismissal should be without prejudice.

With respect to whether the dismissal of a patent infringement claim should be with or without prejudice, the law of the pertinent regional circuit applies, e.g., here, the Ninth Circuit.  See *H.R. Techs., Inc. v. Astechnologies, Inc*., 275 F.3d 1378, 1384 (Fed. Cir. 2002).  In the event dismissal is warranted, it is generally with leave to amend, unless it is clear the complaint cannot be saved by any amendment.  *Ziptronix, Inc. v. Omnivision Techs*., Inc., 2011 WL 5416187, at *3 (N.D. Cal. Nov. 8, 2011), citing *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005); *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002).

In support of the request for dismissal with prejudice, the defendants make extensive reference to the earlier case of *Big Baboon, Inc. v Dell, et al*., Case No. 2:09-cv-01198-SVW-SS, filed in 2009 and final judgment of dismissal entered on April 12, 2017.  That case and the issues therein are not material beyond the pleadings for the present Rule 12(b)(6) motion and the Court should not consider them.  See *Lee*, 250 F.3d at, 688.  In any event, the defendants do misrepresent what the C.D. Cal. action was about and the holding from that case, which BBI feels compelled to address.

14

In supporting their request that any dismissal here be with prejudice, the defendants assert:

> Just before Big Baboon initiated this action, it requested leave from another federal court to take further discovery so it could "[d]etermine if [c]onfirmed [c]laims of the '275 patent are [i]nfringed" and "determine whether claims [sic] 15 should be asserted." (ECF No. 19-2 at 4.)… In other words, Big Baboon did not have the requisite facts to assert its patent claims in the Central District action. If it did, its request for discovery would have been unnecessary and nonsensical…Just after Judge Wilson deemed Big Baboon's discovery request a "fishing expedition," Big Baboon came to this Court, still with no factual basis for alleging infringement. Big Baboon's admission that it did not have a factual basis to assert its patent claims and Big Baboon's subsequent failure to articulate a basis in its Complaint show that Big Baboon cannot allege infringement in good faith. Therefore, further amendment would be futile and dismissal with prejudice is appropriate.

Dkt. 20 at 12-13. The defendants also discuss this case in the background section of their Dismissal Motion. *Id.* at 3-5.

The lynchpin of defendants' argument as to why the dismissal here should be with prejudice turns on their reference to materials from the C.D. Cal. Action. As such, the request should fail in the first instance as they are outside of the pleadings here. Importantly though, the defendants misrepresent the facts and issues of that action in raising them here.

The defendants refer to the earlier C.D. Cal. action primarily so they can make repeated use (6 times) of the term "fishing expedition" used by that court in an order. See, Dkt. 20 at 2, 4, and 13. All that is relevant from the C.D. Cal action here is that, on February 19, 2009, BBI sued defendant HP along with numerous other defendants for patent infringement in that court for the defendants' use of enterprise resource planning systems and software, including that used by HP, as infringing the claims of the '275 patent. *See, e.g.*, Dkt. 19-3, C.D. Cal. Amended Compl. at 16-17. In that litigation, claim 15 of the '275 patent was not alleged to be infringed. Compl. Dkt. 1, p. 1, ¶2. SAP was not even a defendant in the C.D. Cal. action, and the SAP R/3 systems were only one potential system among several different companies' software systems that could infringe the claims in that case.

In denying BBI's request to lift the stay for further discovery there, Judge Wilson issued an IN CHAMBERS ORDER DISMISSING CASE, dated March 29, 2017, explaining:

> "After these two USPTO decisions it is undisputed that all claims in which Plaintiff alleged that Defendants infringed were canceled. Claim 15 of Patent '275 survived, however there has never been an allegation in this case that <u>any</u> Defendant infringed

15

1

2

3

4

claim 15. Thus, Plaintiff requests limited discovery to determine whether <u>any</u> Defendant infringed on Claim 15. Prior to the stay, the parties engaged in 18 months of discovery and millions of pages of documents were produced. After viewing these documents, Plaintiff alleged infringement of 26 different claims spanning both its patents-but did not allege any infringement of claim 15. The Court does not find that more discove1y is warranted. In essence, Plaintiff requests a fishing expedition to uncover evidence of infringement of claim 15.

5

6

7

The Court declines this request. **To the extent Plaintiff wants to pursue claim 15, they can do so in a different action.** All claims in this action have been canceled by the USPTO, and thus there is nothing left to litigate. The case is DISMISSED. The prevailing party shall issue a proposed judgment consistent with this order.

8

Dkt. 19-4. (underline and bold emphases added).

9

10

11

12

13

14

15

16

The denial shows that Judge Wilson viewed reopening discovery there as to <u>all</u> defendants and <u>all</u> systems as unwarranted. Judge Wilson does not comment on the import of the SAP and CBM Petition with respect to the R/3 System—indeed SAP was not even a party to the case—but explicitly gives BBI <u>express</u> permission to pursue claim 15 in a different action. Thus, the stay in the C.D. Cal. Action was never lifted and the case was dismissed, with claim 15 never at issue in that case and no discovery conducted directly on the potential infringement of it. After being given the express permission of the C.D. Cal. court, BBI has thus filed the present action with respect to claim 15.

17

18

19

20

SAP and HP misrepresent the nature of the C.D. Cal. action in order to support their argument that any dismissal here should be made with prejudice. The Court should ignore defendants' irrelevant argument here and, if the Court does dismiss the Complaint, such dismissal should be made without prejudice.

21

## V.     CONCLUSION

22

23

24

The Court should deny the Dismissal Motion. The Complaint puts the defendants on adequate notice of BBI's claim of patent infringement. The Court cannot weigh the extrinsic evidence the defendants proffer in support of their Dismissal Motion. Should the Court determine

25

///

26

///

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT                                          CV17-02082 HSG (EDL)

1   that the Complaint is insufficient, any dismissal thereof should be without prejudice.

2   Dated: July 7, 2017                              PROCOPIO, CORY, HARGREAVES & SAVITCH
                                                     LLP
3

4
                                                By:   /s/ Robert H. Sloss
5                                                     Robert H. Sloss (Bar No. 87,757)
                                                      Lance D. Reich (admitted *pro hac vice*)
6                                                     Kevin E. Regan (Bar No. 262,335)

7                                                     Attorneys for Plaintiff
                                                      Big Baboon, Inc.
8

9   DOCS 2973386.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COMPLAINT                                          CV17-02082 HSG (EDL)