UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG BABOON, INC., <br> Plaintiff, <br> v. <br> SAP AMERICA, INC., et al., <br> Defendants. | Case No. 17-cv-02082-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SANCTIONS** <br><br> Re: Dkt. Nos. 19, 20 |

Pending before the Court is a motion to dismiss, Dkt. No. 20, and a related motion for sanctions, Dkt. No. 19, filed by Defendants SAP America, Inc. and HP Inc., (collectively, "Defendants"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** Defendants' motion to dismiss and **DENIES** Defendants' motion for sanctions.

I.  **BACKGROUND**

Plaintiff Big Baboon, Inc. filed this action on April 13, 2017, alleging infringement of United States Patent No. 6,343,275 (the "'275 Patent"). *See* Dkt. No. 1 ("Compl."). Plaintiff is the owner by assignment of the '275 Patent, entitled "Integrated Business-to-Business Web Commerce and Business Automation System." Compl. ¶¶ 2, 20. According to the complaint, the '275 Patent "may cover, among other things, 'business-to-business web commerce between a first business acting as a supplier and a second business acting as a purchaser, using a computer net including a relational database server providing for real-time synchronized data update, in combination with the other limitations of the claims.'" *Id.* ¶ 21. Plaintiff asserts claims 15 and 20–34 of the '275 Patent. The complaint sets forth the following allegations.

Plaintiff alleges that, within the past six years, Defendants have directly infringed and are

infringing claims 15 and 20–34 by making, using, or selling in this judicial district "the inventions claimed in the '275 Patent." *Id.* ¶¶ 29, 35. Specifically, Plaintiff alleges that Defendant SAP America has been a "major provider of business-to-business computer sales and services via the Web, specifically including the R/3 system and upgrades thereof such as R/4, SAP ERP Central Component (ECC), and other web-based enterprise resource planning products." *Id.* ¶ 30. Plaintiff also alleges that Defendant HP has been a "major provider of business-to-business computer sales and services via the Web, specifically including its use of the enterprise resource planning systems made and maintained by SAP America . . . such as R/3." *Id.* ¶ 36. Plaintiff alleges that SAP SE's[1] and HP's software systems "provide for automated integration and provision of information via the Web from multiple traditionally distinct business domains including those dealing with product information and financial status which incorporate aspects of the inventions claimed in the '275 Patent." *Id.* ¶¶ 30, 36. Defendants SAP America and HP are further alleged to have been "major provider[s] of supply chain, logistical, and technical support services for business-to-business electronic commerce including those which incorporate aspects of the inventions claimed in the '275 Patent." *Id.* Lastly, the complaint alleges that Defendants knew of the '275 Patent and Plaintiff's infringement allegations thereof "as early as February 19, 2009 . . . . Therefore, all infringement is willful." *Id.* ¶¶ 33, 39.

Based on these facts, Plaintiff alleges direct and willful infringement of the '275 patent against Defendants, and seeks damages as well as attorneys' fees and costs. *See* Compl. ¶¶ 28–39; *see also id.* at 7 (Prayer for Relief). On June 23, 2017, Defendants filed the pending motion for sanctions and motion to dismiss. *See* Dkt. Nos. 19, 20.

## II. MOTION TO DISMISS

### A. Pleading Standard

The parties disagree about the pleading standard that applies to Plaintiff's claims. Plaintiff implies that, under Federal Rule of Civil Procedure Form 18 ("Form 18")[2], notice pleading is still

---

[1] SAP SE, the parent company of SAP America, Inc., is not a named Defendant in the current case. *See* Dkt. No. 20 at 9.

[2] Under Form 18, a plaintiff could assert: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making,

2

sufficient for patent infringement actions. Under this standard, Plaintiff posits that it need only allege that Defendants make, use, offer to sell, or sell the patented invention within the United States without Plaintiff's authority during the term of the patent. Dkt. No. 23 at 5 (citing *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1249 (N.D. Cal. 1997)). Plaintiff further argues that a claimant is not required "to set out in detail the facts upon which he bases his claim," but rather "need only plead facts sufficient to place the alleged infringer on notice." Dkt. No. 23 at 7 (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

Until recently, Federal Rule of Civil Procedure 84 ("Rule 84") provided that the Appendix of Forms, including Form 18, "suffice[d] under these rules" to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Fed. R. Civ. P. 84 (abrogated); *see K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013).

However, the Federal Rules of Civil Procedure were amended on December 1, 2015, abrogating Rule 84 and the Appendix of Forms, including Form 18. The Federal Circuit stated that the new rules "shall govern in all proceedings in civil cases thereafter commenced . . . ." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 n.2 (Fed. Cir. 2016) (quoting Supreme Court of the United States, Order Regarding Amendments to the Federal Rules of Civil Procedure (U.S. Apr. 29, 2015)). Thus, post-abrogation, Form 18 "no longer maintains any force." *Continental Circuits LLC v. Intel Corp.*, No. CV16–2026 PHX DGC, 2017 WL 679116, at *3 (D. Ariz. Feb. 21, 2017); *accord e.Digital Corp. v. iBaby Labs, Inc.*, No. 15–cv–05790–JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ("Absent Form 18 itself, there is simply no support in the Federal Rules of Civil Procedure for a different pleading standard for direct patent infringement claims.").

The Court agrees with Defendants that the pleading standard articulated in *Twombly* and *Iqbal* apply in the patent context. *Accord Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15–cv–05469–EDL, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) ("allegations of direct

---

selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages. Fed. R. Civ. P. Form 18; *see K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

infringement are now subject to the pleading standards established by *Twombly* and *Iqbal*");
*e.Digital Corp.*, 2016 WL 4427209, at \*2–\*3.

Under this standard, the Court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, it requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 555 ("factual allegations must be enough to raise a right to relief above the speculative level."). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must allege "'enough fact[s] to raise a reasonable expectation that discovery will reveal' the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In assessing the sufficiency of a complaint on a motion to dismiss, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A court next considers the complaint's "well-pleaded, nonconclusory factual allegations" and, assuming their veracity, determines whether "they plausibly give rise to an entitlement to relief." *Id.* at 679. Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In patent cases, purely procedural issues of law are governed by the law of the regional circuit. *K–Tech*, 714 F.3d at 1282. In the Ninth Circuit, to be entitled to the presumption of truth,

4

a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

### B. Sufficiency of Complaint

Defendants contend that the complaint fails to identify a specific product that infringes the '275 Patent. Specifically, they argue that "whenever the allegations assert infringement" in the complaint, Plaintiff "fails to identify an infringing product. And whenever the allegations mention product families . . . they do not state that the product families infringe." Dkt. 20 at 6–7. The Court agrees.

Here, Plaintiff generally alleges as the basis for both claims that Defendants directly infringed and are infringing claims 15 and 20–34 of the '275 Patent by "making, using, or selling . . . the inventions claimed in the '275 Patent." Compl. ¶¶ 29, 35. To begin with, the Court notes that such allegations are nothing more than a "formulaic recitation of the elements of" direct infringement, *Iqbal*, 556 U.S. at 678, and "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content." *Id.* at 686. Moreover, "[t]he factual allegations in a patent infringement complaint must identify the specific products accused." *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09–02114 JF (PVT), 2010 WL 889541, at *4 (N.D. Cal. Mar. 11, 2010). The allegations in the complaint concerning Defendants' infringing activity are not only legal conclusions "couched as factual allegation[s]," *Twombly*, 550 U.S. at 555, but they also fail to specify any product that allegedly infringes. For this reason, the complaint fails to state a claim of direct infringement because it does not "identify the specific products accused." *See Bender*, 2010 WL 889541, at *4.

To the extent Plaintiff posits that, because "paragraph 30 logically follows paragraph 29," the complaint sufficiently identifies the infringing products as SAP's "R/3 system and upgrades thereof such as R/4, [ECC], and other web-based enterprise planning products," Compl. ¶¶30, 36, the Court is not persuaded. *See* Dkt. No. 23 at 12–13. First, in the absence of a single factual allegation identifying a specific infringing product, logic does not render the conclusion Plaintiff advances here. Paragraph 30 of the complaint, as well as its reiteration in paragraph 36, alleges

5

only that SAP America "has been a major provider of business-to-business computer sales and services via the Web, specifically including the R/3 system and upgrades thereof . . . ." *Id.* ¶¶ 30, 36. Then, it alleges generally, if not hypothetically, that SAP SE's and HP's systems provide for various functions, "which incorporate aspects of the inventions claimed in the '275 Patent." *Id.* Finally, Plaintiff alleges that both Defendants have been major providers of services, "which incorporate aspects of the inventions claimed in the '275 Patent." *Id.* The Court finds it unnecessary to delve into the myriad ways in which these allegations are insufficient because nowhere do they allege that a specific product of Defendants' infringes. The Court finds that Plaintiff has failed to state a claim for direct patent infringement and the complaint must be dismissed. *See MACOM Tech Solutions Holdings, Inc. v. Infineon Techs.*, No. 2:16–cv–02859–CAS (PLAx), 2017 WL 3449596, at *5 (C.D. Cal. Jun. 5, 2017) (dismissing counterclaim for infringement because, "[o]ther than the foregoing conclusory allegation, [it] contains no description of the accused product(s) or how those products infringe upon Americas' alleged patented innovations.").

Despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000). Plaintiff may still be able to allege sufficient facts to state a claim. *Id.* at 1130. Since it is possible that the flaws in the complaint can be cured by the allegation of other facts that support its claims of patent infringement, such as facts identifying the specific infringing product and how such product infringes the '275 Patent, the Court grants Plaintiff leave to amend. *See id.* Any amended complaint must clearly and concisely state the basis for all claims alleged.

### III. MOTION FOR SANCTIONS

Defendants further seek sanctions against Plaintiff under Federal Rule of Civil Procedure 11 for filing a complaint that is legally and factually baseless without conducting a "reasonable pre-suit investigation." Dkt. No. 19 at 1, 3. Specifically, Defendants seek determination of whether sanctions under Rule 11 should include dismissal of the action without prejudice, an order that Plaintiff may not reassert the '275 Patent against Defendants absent a complaint that complies with Rule 8 and Rule 11, and an order that Plaintiff "and/or its attorneys" must pay a monetary

6

penalty to the Court. *Id.* at 3. As the basis for their motion, Defendants reiterate the arguments made in their dismissal motion, *see id.* at 2–3, and reference events arising out of a 2009 lawsuit, initiated by Plaintiff against Defendant HP, in the Central District of California to support their contention that the complaint is factually baseless, *id.* at 3–7.

The Court has considered Defendants' arguments and **DENIES** the motion. Given the posture of the case, the Court cannot rule at this point that bringing this action is a sanctionable event.

**IV. CONCLUSION**

Accordingly, the Court **GRANTS** without prejudice Defendant's motion to dismiss and **DENIES** Defendants' motion for sanctions. Any amended complaint must be filed within 28 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 3/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge