UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG BABOON, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SAP AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-02082-HSG<br><br>**ORDER DENYING MOTION TO DISMISS, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 38, 42, 44 |

Pending before the Court are a motion to dismiss, Dkt. No. 38, and a related motion for sanctions, Dkt. No. 42, filed by Defendants SAP America, Inc. and HP Inc., (collectively, "Defendants"). Also pending is a motion for partial summary judgment filed by Plaintiff Big Baboon, Inc. Dkt. No. 44. For the reasons detailed below, the Court **DENIES** Defendants' motion to dismiss, **DENIES** Defendants' motion for sanctions, and **DENIES** Plaintiff's motion for summary judgment.

## I. BACKGROUND

Plaintiff Big Baboon, Inc., the owner by assignment of United States Patent No. 6,343,275 (the "'275 Patent"), filed this action on April 13, 2017, alleging direct and willful infringement of the '275 Patent. *See* Dkt. No. 1; Dkt. No. 37 ("FAC") ¶¶ 2, 19. On June 23, 2017, Defendants filed a motion for sanctions and motion to dismiss. *See* Dkt. Nos. 19, 20. The Court denied Defendants' motion for sanctions and granted Defendants' motion to dismiss with leave to amend based in part on Plaintiff's failure to identify a product that allegedly meets every limitation of the asserted claims. Dkt. No. 36 at 5–6. Plaintiffs filed its first amended complaint on April 17, 2018. Dkt. No. 37 ("FAC").

## II. MOTION TO DISMISS

### A. Pleading Standard

As discussed in this Court's prior ruling, the pleading standard articulated in *Twombly* and *Iqbal* apply in the patent context. *Accord Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15–cv–05469–EDL, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) ("allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal*"); *e.Digital Corp.*, 2016 WL 4427209, at *2–*3.

Under this standard, the Court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, it requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see Twombly*, 550 U.S. at 555 ("factual allegations must be enough to raise a right to relief above the speculative level."). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must allege "'enough fact[s] to raise a reasonable expectation that discovery will reveal' the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In assessing the sufficiency of a complaint on a motion to dismiss, a court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A court next considers the complaint's "well-pleaded, nonconclusory

2

factual allegations" and, assuming their veracity, determines whether "they plausibly give rise to an entitlement to relief." *Id.* at 679. Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In patent cases, purely procedural issues of law are governed by the law of the regional circuit. *K–Tech*, 714 F.3d at 1282. In the Ninth Circuit, to be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

B. **Discussion**

Plaintiff asserts independent claim 15 of the '275 Patent, and dependent claims 20–34, which rely on claim 15. Claim 15 reads:

> A method comprising the steps of:
> providing an end-to-end, business-to-business, e-commerce business automation software for automation business functions across multiple business domains;
> identifying multiple modules of the software; and
> via Web administration, producing a software configuration in which selected ones of the modules are enabled or disabled;
> wherein the software producing a workscope/workflow structured display of complex database records each comprising multiple lines of text and pertaining to both a first party to a business transaction and a second party to the business transaction, the structured display constituting an integrated decision-making environment for a particular business function.

Dkt. No. 37-1 ('275 Patent) at claim 15; FAC ¶¶ 28, 36.

Plaintiff alleges that, within the past six years, Defendants have directly infringed and are infringing claims 15 and 20–34 by making, using, and/or selling in this judicial district "modified versions of R/3 Release 3.0E which include web-functionality." FAC ¶¶ 28–29, 46–47. According to the FAC, R/3 is enterprise software made by SAP and used by Defendants, and Release 3.0E is a version of the software that predated the '275 patent, but lacked the web functionality claimed in asserted claim 15. FAC ¶¶ 3, 39. Plaintiff alleges as a basis for its infringement theory that R/3 Release 3.0E, which predates the '275 Patent's December 22, 1997 priority date, satisfies every element of claim 15 other than "via Web administration, producing a software configuration in which selected ones of the modules are enabled or disabled." FAC ¶¶

3

36–38, 41. Plaintiff's allegations regarding R/3 Release 3.0E rely upon SAP's prior art claim chart taken from the '275 patent reexamination proceedings. FAC ¶¶ 32–33, 39–40. Plaintiff alleges that "[a]t some point in 1997 or thereafter, the web-enabled R/3 system was made and sold by SAP which included web-enabled or disabled software modules." FAC ¶ 39. Plaintiff additionally lists nineteen software releases that it describes as updates to the R/3 Release 3.0E with web-based functionality. FAC ¶ 29–30.

The Court, in dismissing Plaintiff's original complaint, ordered Plaintiff to identify "the specific infringing product and how such product infringes the '275 Patent" in any amended complaint. Dkt. No. 36 at 6. Plaintiff has done so in the FAC by pointing to the list of software releases used by Defendants that allegedly include both features of the R/3 Release 3.0E and web-based functionality, as required by claim 15. Because Plaintiff's infringement claim is sufficient to meet the facial plausibility standard, the Court **DENIES** Defendant's motion to dismiss.

### III. MOTION FOR SANCTIONS

Defendants, for the second time, seek sanctions against Plaintiff under Federal Rule of Civil Procedure 11 for filing a complaint that is legally and factually baseless without conducting a reasonable pre-suit investigation. Dkt. No. 42 at 1, 3, 9–11. Specifically, Defendants seek sanctions, including attorneys' fees and/or a monetary penalty. *Id.* at 3, 11–12. As the basis for their motion, Defendants reiterate the arguments made in their dismissal motion, and reference events arising out of a 2009 lawsuit, initiated by Plaintiff against Defendant HP, in the Central District of California to support their contention that the complaint is factually baseless.

The Court has considered Defendants' arguments and **DENIES** the motion.

### IV. MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff moves for partial summary judgment of infringement, asserting that "the web-enabled R/3 3.0E system that existed after the priority date of the '275 patent infringes claims 15 and 20–34 cannot be genuinely disputed." Dkt. No. 44 at 16. Discovery has not yet commenced, and Plaintiffs offer as evidence the allegations contained in a prior art claim chart and declaration regarding products that existed prior to the priority date of the '275 patent, none of which amounts to uncontroverted (or incontrovertible) evidence regarding the accused products. In light of the

4

multitude of disputed facts underlying Plaintiff's claim, the Court finds **DENIES** Plaintiff's motion for partial summary judgment.

## V. CONCLUSION

Accordingly, the Court **DENIES** Defendant's motion to dismiss, **DENIES** Defendants' motion for sanctions, and **DENIES** Plaintiff's motion for partial summary judgment. The Court **SETS** a Case Management Conference on Tuesday, September 11 at 2:00 p.m. to discuss a case schedule. The parties shall file a joint case management statement by September 4, 2018.

**IT IS SO ORDERED.**

Dated: 8/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge