KLAUS H. HAMM (SBN 224905)
klaus.hamm@klarquist.com
J. CHRISTOPHER CARRAWAY (pro hac vice)
chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

Attorneys for Defendants
SAP AMERICA, INC. and HP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BIG BABOON, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAP AMERICA, INC., et al.,<br><br>Defendants. | Case No. 4:17-cv-02082-HSG<br><br>**DEFENDANT SAP AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY IN AID OF JUDGMENT**<br><br>Hearing Date: June 4, 2020<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2, 4th Floor, or to be determined for teleconference appearance.<br>Judge: Hon. Haywood S. Gilliam, Jr. |

## **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................... 1

STATEMENT OF RELIEF REQUESTED ............................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

I.       INTRODUCTION ........................................................................................ 2

II.      BACKGROUND .......................................................................................... 3

         A.       The Attorneys' Fees Judgment ...................................................... 3

         B.       SAP's Efforts To Obtain Discovery In Aid And Execution Of Judgment ............. 3

III.     ARGUMENT ............................................................................................... 4

         A.       Background Law ............................................................................. 4

         B.       SAP's Rule 69 Discovery Is Procedurally Proper ......................... 5

         C.       Big Baboon Has Waived Its Objections To SAP's Discovery Requests ................ 7

         D.       Big Baboon Must Fully Respond To SAP's Interrogatories ................................. 8

         E.       Big Baboon Must Fully Respond To SAP's Requests For Production And
                  Produce All Responsive Documents and Electronically Stored Information ....... 12

IV.      CONCLUSION ............................................................................................ 17

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4
*Berry v. Hawaiian Exp. Serv., Inc.*,
   2007 WL 2332386 (D. Haw. Aug. 10, 2007)....................................................... 6, 7
5

6
*Brown v. Sperber-Porter*,
   2017 WL 10409840 (D. Ariz. Nov. 6, 2017) ................................................... passim
7

8
*Ennova Research SRL v. BeeBell Inc.*,
   2019 WL 367268 (N.D. Cal. Jan. 30, 2019) .................................................... passim

9
*Johnson v. Storix, Inc.*,
   2017 WL 2779265 (S.D. Cal. June 27, 2017)......................................................... 6
10

11
*Lam v. City & Cty. of San Francisco*,
   2015 WL 4498747 (N.D. Cal. July 23, 2015) ......................................................... 7

12
*Leuzinger v. Cty. of Lake*,
   253 F.R.D. 469 (N.D. Cal. 2008) ........................................................................... 6
13

14
*Republic of Argentina v. NML Capital, Ltd.*,
   573 U.S. 134 (2014) ............................................................................................... 5
15

16
*Richmark Corp. v. Timber Falling Consultants*,
   959 F.2d 1468 (9th Cir. 1992)................................................................................ 7

17
*United States v. Woods*,
   2010 WL 11549130 (E.D.N.C. Sept. 7, 2010) .................................................. 6, 7
18

19
**Rules**

20
Fed. R. Civ. P. 33 ............................................................................................................ 7

21
Fed. R. Civ. P. 34 ............................................................................................................ 7

22
Fed. R. Civ. P. 62 ................................................................................................. 3, 4, 5, 6

23
Fed. R. Civ. P. 69 ..................................................................................................... passim

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 4, 2020, at 2:00 p.m., or as soon thereafter as it may be heard, in Courtroom 2, 4th Floor, United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, CA 94612, Defendant SAP America, Inc. ("SAP") will and hereby does move for an order compelling plaintiff Big Baboon, Inc. ("Big Baboon") to respond fully to Interrogatories Nos. 2, 3, 7 and 11 from SAP's First Set Of Post-Judgment Interrogatories, and to respond fully to Request Nos. 1, 2, 6, 8, 9, 12, and 14 from SAP's First Set Of Post-Judgment Requests For Production, including producing all documents and electronically stored information responsive thereto, as detailed and outlined below in the supporting memorandum.

This Motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting Declaration of Klaus H. Hamm and exhibits attached thereto; and any written and oral argument and authorities that are presented at or before the time this Motion is taken under submission by the Court.

## STATEMENT OF RELIEF REQUESTED

SAP requests an order compelling Big Baboon to complete the following within five business days:

1. Respond fully and accurately to Interrogatories Nos. 2, 3, 7 and 11 from SAP's First Set Of Post-Judgment Interrogatories, and provide verifications under oath thereto.

2. Respond fully and accurately to Request Nos. 1, 2, 6, 8, 9, 12, and 14 from SAP's First Set Of Post-Judgment Requests For Production.

3. Produce all documents and electronically stored information within its possession, custody or control that are responsive to Request Nos. 1, 2, 6, 8, 9, 12, and 14 from SAP's First Set Of Post-Judgment Requests For Production.

**DEFENDANT SAP'S NOTICE OF MOTION**
**AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                                 1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    <u>INTRODUCTION</u>**

SAP moves to compel Big Baboon to respond to discovery served pursuant to Fed. R. Civ. P. 69(a)(2) in aid and execution of this Court's $190,000 attorneys' fees judgment, which Big Baboon has neither paid nor secured with a supersedeas bond even though the judgment issued more than six months ago. SAP seeks discovery about Big Baboon's finances to determine possible sources for collecting the judgment from Big Baboon, and about Big Baboon's corporate identity to determine whether Big Baboon has an alter ego from whom SAP possibly could collect the judgment. In response, Big Baboon has produced only five pages of documents, and little other information. Among other things, it refuses to produce its bank statements or even its bank account number, its tax returns, and its shareholder information.[1]

SAP served the interrogatories and requests for production more than five months ago, on December 4, 2019, and has negotiated since then to obtain the requested information. SAP has granted Big Baboon extensions, premised on Big Baboon's assurances it would respond to the discovery. In the process, SAP has responded to Big Baboon's procedural arguments that the discovery requests are premature with unchallenged, on-point case law, yet Big Baboon continues to stand by its arguments.

In short, Big Baboon refuses to provide discovery that is plainly required. SAP has gone to considerable effort and expense to pursue this discovery, but has not been successful. The Court's intervention is needed. SAP respectfully requests the Court to order Big Baboon to fully respond within five business days to SAP's interrogatories and to produce all documents in its possession, custody or control that are responsive to SAP's document requests.

---

[1] SAP America's First Set Of Post-Judgment Interrogatories To Big Baboon, Inc. (Nos. 1–12) is Exhibit A. SAP America's First Set Of Post-Judgment Requests For Production To Big Baboon, Inc. (Nos. 1–15) is Exhibit B. Answers And Objections to SAP America's First Set Of Post-Judgment Interrogatories To Big Baboon, Inc. (Nos. 1–12) is Exhibit C. Answers To SAP America's First Set Of Post-Judgment Requests For Production To Big Baboon, Inc. (Nos. 1–15) is Exhibit D. Big Baboon's document production is Exhibit E. All exhibits cited in this brief are attached to the Declaration of Klaus H. Hamm, filed herewith.

## II.   BACKGROUND

### A.   The Attorneys' Fees Judgment

Following its grant of summary judgment against Big Baboon's claims, on October 11, 2019, the Court adopted Magistrate Laporte's report and recommendation that this action was an "exceptional case," and ordered Big Baboon to pay a portion of SAP's attorneys' fees and costs, totaling $189,675.70. (ECF No. 106.) Big Baboon has appealed both the summary judgment and the fee award, and those appeals remain pending before the Federal Circuit. (ECF Nos. 109, 111.) Big Baboon has not paid any of the attorneys' fee judgment, or posted a supersedeas bond pending appeal.

### B.   SAP's Efforts To Obtain Discovery In Aid And Execution Of Judgment

Under Fed. R. Civ. P. 62(a), execution of the Court's October 11, 2019 attorneys' fee judgment and efforts to enforce it were automatically stayed for 30 days, until November 11, 2019.

On November 1, 2019, SAP asked Big Baboon either to pay the judgment or post a supersedeas bond by the November 11, 2019 expiration of the 30-day automatic stay. SAP informed Big Baboon that if it did neither, then SAP would serve discovery under Rule 69 in aid of execution of judgment. (Ex. F.)

On November 11, 2019, Big Baboon informed SAP that it did not have to post a bond or pay the attorneys' fees judgment while its appeal was pending, taking the position that the district court's "order granting attorneys' fees is not a 'judgment'" under California state law and therefore no bond is required to stay its execution. (Ex. G at 7–8.)

On December 4, 2019, SAP provided Big Baboon with case law showing that federal law applies to the timing of enforcing the attorneys' fees judgment and that under federal law the judgment is immediately enforceable in the absence of a supersedeas bond posted by Big Baboon, despite the pendency of an appeal. (*Id.* at 6–7.) Big Baboon also served the interrogatories and requests for production currently at issue. (Exs. A–B.)

**DEFENDANT SAP'S NOTICE OF MOTION**
**AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                          3

On January 3, 2020, the thirty-day deadline for discovery responses passed without Big Baboon serving objections or responses.

On January 8, 2020, counsel for SAP and Big Baboon conferred, with Big Baboon's counsel repeating the argument SAP had refuted, that SAP's discovery requests aimed at enforcing the judgment were "premature and unnecessary prior to the resolution of the underlying appeal of the merits." (Ex. G at 2–3.) It also raised the possibility that the discovery requests are premature because a lien is required before taking Rule 69 discovery. (*Id.* at 3–4.) SAP's counsel then provided case law showing that this argument also lacked merit. (*Id.*) SAP also granted Big Baboon an extension until January 26 to provide discovery responses. (Ex. G at 2.)

On January 20, 2020, Big Baboon requested an additional extension to February 20, 2020 to complete its responses to the discovery. (*Id.* at 2–3.) On January 23, 2020, Big Baboon stated that it would not have some responsive information available until March 15, 2020. (*Id.* at 2.)

On February 5, 2020, Big Baboon served interrogatory objections and responses and produced two pages of documents. (Exs. C, E at 1–2.) On February 24, 2020, Big Baboon served responses to the requests for production and produced three more pages of documents. (Exs. D, E at 3–5.) Big Baboon did not produce further information on or before March 15, 2020, and has not done so since then either.

On March 18, 2020, SAP sent Big Baboon a letter outlining deficiencies in Big Baboon's interrogatory responses and document production. (Ex. H.) The parties exchanged more correspondence about the discovery and, on April 17, 2020, conducted a subsequent meet and confer. (Ex. I.)

## III.   **ARGUMENT**

### A.   **Background Law**

Rule 62, titled "Stay of Proceedings to Enforce a Judgment," governs when proceedings to enforce a judgment may be stayed. Under Rule 62(a), execution on a judgment and proceedings to enforce it are automatically stayed for 30 days after a judgment's entry. Under

**DEFENDANT SAP'S NOTICE OF MOTION
AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                      4

Rule 62(b), a judgment debtor may obtain a further stay by posting a bond and obtaining court approval.

Rule 69 governs procedure for enforcing a money judgment, and obtaining discovery in aid of the judgment or execution. Rule 69(a)(1) requires that the procedure for executing a judgment follows local state law unless there is an applicable federal statute. It states: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Rule 69(a)(2) provides that a judgment creditor may seek discovery in aid of judgment or execution under either federal or local state law procedure. It states: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

Rule 69(a)(2) discovery is "quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138–39 (2014). A judgment creditor may "make a broad inquiry to discover hidden or concealed assets of the judgment debtor," and the "presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment." *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 10409840, at *1 (D. Ariz. Nov. 6, 2017) (alterations in original; citations omitted).

## B.    SAP's Rule 69 Discovery Is Procedurally Proper

During the course of the parties' discussions about SAP's discovery requests, Big Baboon has repeated two erroneous arguments that the requests are premature.

<u>First</u>, Big Baboon argues incorrectly that purported California state law barring enforcement of an attorneys' fees judgment pending appeal applies, even if the judgment debtor has not posted a bond. In reality, federal law and not state law applies, and federal law permits enforcement of an attorneys' fees judgment pending appeal when the judgment debtor has not posted a bond. Although Rule 69(a) permits the application of state law in some circumstances, it

**DEFENDANT SAP'S NOTICE OF MOTION**
**AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                              5

requires that "a federal statute governs to the extent it applies" to the procedure for executing a judgment. Rule 62 has the "force and effect" of a federal statute, and it "specifically sets forth the conditions by which a stay [of a judgment] may be had pending appeal." *Johnson v. Storix, Inc.*, No. 3:14-CV-1873-H-BLM, 2017 WL 2779265, at *2-3 (S.D. Cal. June 27, 2017); *see also Leuzinger v. Cty. of Lake*, 253 F.R.D. 469, 475-76 (N.D. Cal. 2008). In particular, Rule 62(b) states that after expiration of the 30-day automatic stay on enforcing a judgment, the judgment debtor may obtain a stay of judgment execution "by providing a bond or other security . . . when the court approves the bond or other security." *See also Johnson*, 2017 WL 2779265 at *2 ("Pursuant to Rule 62(d)[2] and the orders issued by this Court and the Ninth Circuit, Johnson must post a supersedeas bond in order to obtain a stay of execution" of attorneys' fees judgment despite contrary California law.)[3]

 Second, Big Baboon argues incorrectly that SAP must obtain a lien or institute judgment-collection proceedings before taking Rule 69 discovery. Rule 69 contains no such limitation, either explicitly or implicitly. *See United States v. Woods*, No. 5:05-CR-00131-FL, 2010 WL 11549130, at *4 (E.D.N.C. Sept. 7, 2010) ("Defendant also contends that the government is not entitled to discovery prior to the issuance of a writ of execution pursuant to Rule 69 of the Federal Rules of Civil Procedure. The Court disagrees. The text of Rule 69 does not support this position . . ."); *Berry v. Hawaiian Exp. Serv., Inc.*, No. CIV03-00385 SOM/LEK, 2007 WL

---

[2] The 2018 amendments to Rule 62 moved the supersedeas bond provisions from Rule 62(d) to Rule 62(b). *See* Advisory Committee's Notes on Rule 62.

[3] After Big Baboon first argued that SAP could not execute the judgment or pursue related discovery while Big Baboon's appeals were pending, SAP provided it with cites to *Johnson* and *Leuzinger*. (Hamm Decl. Ex. G at 7–8.) Big Baboon has not addressed this authority, yet still persists in arguing that SAP cannot take discovery related to the attorneys' fees judgment. (*Id.* at 3; Hamm Decl. Ex. I at 3.)

**DEFENDANT SAP'S NOTICE OF MOTION
AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG

2332386, at *3 (D. Haw. Aug. 10, 2007) ("No such writ is required to take discovery under Rule 69 . . . ").[4]

Simply put, Big Baboon's procedural arguments are without merit, SAP has conclusively rebutted them with unchallenged case law, yet Big Baboon continues to rely on them. By every indication, Big Baboon is relying on these arguments in bad faith, purely as a delay tactic. The Court should reject Big Baboon's arguments, and find that SAP has timely served its discovery requests.

### C.   Big Baboon Has Waived Its Objections To SAP's Discovery Requests

Under Rule 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Courts apply a similar standard to untimely objections to Rule 34 requests for production, as "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (addressing requests for production and interrogatories); *see also Lam v. City & Cty. of San Francisco*, No. 4:10-CV-04641-PJH (LB), 2015 WL 4498747, at *2 (N.D. Cal. July 23, 2015) ("The court finds that the plaintiffs' failure to timely respond [to requests for production] means that they waived their right to object.").

Big Baboon did not object or otherwise respond to SAP's discovery requests by the January 3, 2020 deadline for responses. Instead, it gambled on its incorrect procedural argument based on inapplicable state law that the discovery was premature due to its pending appeal, despite SAP having provided it with case law in advance directly refuting that argument. Big Baboon could have hedged by serving objections, but it did not, choosing instead to ignore the deadline completely. As a result, good cause does not exist for allowing Big Baboon to make

---

[4] After Big Baboon first argued that SAP could not pursue Rule 69 discovery without first instituting formal collection proceedings, SAP provided it with cites to *Woods* and *Berry*. (Hamm Decl. Ex. G at 3–4.) Big Baboon has not addressed this authority, yet still persists in arguing that SAP should not take discovery related to the attorneys' fees judgment without first instituting formal collection proceedings. (Ex. I at 3.)

**DEFENDANT SAP'S NOTICE OF MOTION
AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                                 7

untimely objections, and Big Baboon has irrevocably waived all objections to SAP's discovery requests.

**D.**   **Big Baboon Must Fully Respond To SAP's Interrogatories**

**Interrogatory No. 2**
Describe Big Baboon's bank accounts, including: identify by name, address and telephone number each and every domestic and foreign bank and/or financial institution in which Big Baboon has an account or over which it has signatory authority or other such control; and provide the account number, type of account, and account balance from January 2015 to present; identify the record owner(s) or title(s) of the account.

**Answer to Interrogatory No. 2**:
Attorney objection: This interrogatory is compound and overbroad. Without waiving said objection, Plaintiff offers the following: Plaintiff has only one bank account at The Bank of the West. Plaintiff is in the process of gathering documents to respond to Defendant's request for production of documents dated December 4, 2019, which contains the information needed to fully respond to this interrogatory question. This answer will be supplemented when additional information becomes available.

Big Baboon's response to Interrogatory No. 2 is insufficient. Except for stating it has an account at The Bank of the West, the response does not provide the requested information. It does not state whether Big Baboon had other bank accounts between January 2015 and the present. Regarding The Bank of the West account, the response does not provide the bank's address or telephone number, the account number, the type of account, the account balance from January 2015 to present, or the record owner(s) or title(s) of the account. Although the response states Big Baboon would supplement its response with additional information, it has not done so. Its document production includes a one-page, "Big Baboon Statement Of Assets Liabilities & Equity Income Tax Basis As Of December 2019," which provides an amount for "Cash in Bank," but does not identify the bank, does not provide account balances for any time other than December 2019, and does not provide the account number or any other requested information about the account. (Ex. E at 4.)

Interrogatory No. 2 seeks relevant information and is proportional to the needs of the case. The sought-after information about Big Baboon's bank accounts is needed to garnish the accounts and to trace Big Baboon's assets. *See Brown*, 2017 WL 10409840, at *1 (Rule 69(a)(2) discovery "presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment") (alterations in original; citations omitted). The requested information is also relevant to piercing Big Baboon's corporate veil, as it relates to whether Big Baboon is adequately capitalized and whether Big Baboon's owner, Charles Wong, treats its assets as his own. *See Ennova Research SRL v. BeeBell Inc.*, No. 16-CV-05114-KAW, 2019 WL 367268, at *3 (N.D. Cal. Jan. 30, 2019).

**Interrogatory No. 3:**
Describe Big Baboon's balance sheet information as of December 1, 2019, including:

| Assets | Cost ($) | Fair Market Value ($) |
|---|---|---|
| (1)   Cash | | |
| (2)   Cash surrender value of insurance | | |
| (3)   intellectual property | | |
| (5)   accounts receivable | | |
| (6)   notes receivable | | |
| (7)   merchandise inventory | | |
| (8)   real estate | | |
| (9)   furniture and fixtures | | |
| (10)  machinery and equipment | | |
| (11)  vehicles/automobiles | | |
| (12)  stocks, bonds, or other securities | | |
| (13)  gold | | |
| (14)  silver | | |

| Liabilities | Cost ($) | Fair Market Value ($) |
|---|---|---|
| (1)   loans on insurance | | |
| (2)   accounts payable | | |
| (3)   notes payable | | |
| (4)   mortgages | | |
| (5)   accrued real estate taxes | | |
| (6)   judgments | | |
| (7)   reserves | | |

**DEFENDANT SAP'S NOTICE OF MOTION
AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG

**Answer to Interrogatory No. 3:**
Attorney objection: This interrogatory is unduly burdensome,
compound and overbroad. Without waiving said objection,
Plaintiff offers the following:
Plaintiff is in the process of obtaining the 2019 year-end financial
statements for Big Baboon which will be part of Plaintiff's
production of documents in response to Defendant's request for
production of documents dated December 4, 2019.

Big Baboon's response to Interrogatory No. 3 is insufficient. The response itself provides

no substantive information whatsoever. The referenced document production, which totals only

five pages, provides little more. The only relevant part of the production is a one-page "Big

Baboon Statement Of Assets Liabilities & Equity Income Tax Basis As Of December 2019," but

this document provides information only about Big Baboon's cash, but not assets (2)-(14) in

SAP's request or any liabilities other than loans from shareholders. (Ex. E at 4.)

Interrogatory No. 3 seeks relevant information and is proportional to the needs of the

case. The requested information about Big Baboon's assets and liabilities is needed to identify

how Big Baboon might satisfy the judgment, to trace Big Baboon's assets, and to determine

whether Big Baboon is under-capitalized or has co-mingled assets with Mr. Wong. *See Brown*,

2017 WL 10409840, at *1; *Ennova Research*, 2019 WL 367268, at *3.

**Interrogatory No. 7:**
Describe Big Baboon's investors, including:

(a)      the individual or entity who made the investment;
(b)      the amount(s) of the investment;
(c)      the method by which the investment(s) was funded (i.e., cash, property, stock, etc.);
(d)      the date of the investment(s); and
(e)      the terms of the investment(s).

**Answer to Interrogatory No. 7**:
Attorney objection: This interrogatory is compound and overbroad.
Plaintiff further objects that this interrogatory is vague and
ambiguous with regards to Defendant's use of the overly broad
term "investment" and "investors." Without waiving said
objection, Plaintiff offers the following:

**DEFENDANT SAP'S NOTICE OF MOTION**
**AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                          10

(a) Brobeck Phleger Harrison LLP
(b) $10.40 (130,000 shares)
(c) check
(d) 11/15/1999
(e) not known
(a) Rich Colosimo
(b) $2.60 (26,000 shares)
(c) personal check
(d) not known
(e) not known

Big Baboon's response is incomplete because all investors are not disclosed. First, Big Baboon's response indicates the total investment in Big Baboon was $13 ($10.40 + $2.60), an unbelievably low amount. Second, Big Baboon's response that certain information about these investments is "not known" is unacceptable as Big Baboon should know this basic investor information. Third, Mr. Wong is not listed as an investor even though Big Baboon's complaint asserts that he is the "owner of all stock" in Big Baboon. (ECF No. 1 at ¶ 22.)

Interrogatory No. 7 seeks relevant information and is proportional to the needs of the case. The requested information is needed to determine whether Big Baboon is under-capitalized. *See Ennova Research*, 2019 WL 367268, at *3.

> **Interrogatory No. 11:**
> If any officer or director of Big Baboon has traveled internationally in the past 12 months, identify the following: the name of the officer or director; his or her position in Big Baboon; each country outside of the United States visited in the past 12 months; the dates of the trip; the purpose of the trip; and the names and addresses of persons or corporations visited on the trip.

> **Answer to Interrogatory No. 11:**
> Attorney objection: This interrogatory is vague, ambiguous, compound, overbroad, and not relevant to the issues in this matter. Without waiving said objection, Plaintiff offers the following: No such information exists.

Big Baboon's response that "[n]o such information exists" is ambiguous, as it is unclear whether the response signals that Big Baboon does not possess information about the travels of its officers or directors or if no such travel has taken place. Further, Big Baboon's more recent correspondence suggests a third possibility, which is Big Baboon has the information but refuses

to provide it. (Hamm Decl. Ex. I at 3 ("BBI does not have to provide SAP with . . . 'whether . . . any other officers [or] directors have traveled internationally.'").)

SAP's interrogatory seeks relevant information and is proportional to the needs of the case. The requested information is needed to trace Big Baboon's assets and to determine whether it has attempted to shelter any internationally. *See Brown*, 2017 WL 10409840, at *1.

### E. Big Baboon Must Fully Respond To SAP's Requests For Production And Produce All Responsive Documents and Electronically Stored Information

**Request For Production No. 1:**
Please produce documents and/or electronically stored information sufficient to show the identity of each and every domestic and foreign bank and/or financial institution in which you have an account or over which you have control, including: the name, address and telephone number of each; the account number; type of account; and monthly account balance from January 2015 to the present.

**Response to Request For Production No. 1:**
None. Big Baboon does not own any outside interest in any entity; therefore no documents are available.

Big Baboon's response is a non-sequitur. The request is for documents about bank accounts, while Big Baboon responds it has none because it does not own an outside interest in any entity. Moreover, it appears from Big Baboon's other discovery responses that its response is untrue, as Big Baboon has at least one bank account, and therefore presumably has related documents. Big Baboon stated in response to Interrogatory No. 2, "Plaintiff has only one bank account at The Bank of the West." Big Baboon should revise its inaccurate and nonsensical response to Request No. 1, and produce all requested documents, including The Bank of the West statements for its account from January 2015 to the present.

Request No. 1 seeks relevant documents and electronically stored information and is proportional to the needs of the case. The requested bank account documents are needed to identify how Big Baboon might satisfy the judgment, obtain information about Big Baboon's

income sources, and determine whether Big Baboon is under-capitalized or has co-mingled

assets. *See Brown*, 2017 WL 10409840, at *1; *Ennova Research*, 2019 WL 367268, at *3.

> **Request For Production No. 2:**
> Please produce documents and/or electronically stored information
> sufficient to show the cost and fair market value for all Big
> Baboon's assets other than cash.

> **Response to Request For Production No. 2:**
> Will provide documents from CPA. The 2019 financial will show
> the accurate bank cash balance as of December 31, 2019. There is
> only one bank account for Big Baboon, the Bank of the West,
> account number will be provided together with the CPA's 2019
> financial statement.

Big Baboon's response is a non-sequitur. While the request seeks documents about

"assets other than cash," Big Baboon's response addresses its cash. Big Baboon should revise its

response to this document request and produce all requested documents and electronically stored

information.

Request No. 2 seeks relevant documents and electronically stored information and is

proportional to the needs of the case. The requested documents about assets other than cash are

needed to identify how Big Baboon might satisfy the judgment. *See Brown*, 2017 WL 10409840,

at *1.

> **Request For Production No. 6:**
> Please produce documents and/or electronically stored information
> sufficient to show all stocks, bonds, or securities (including, but
> not limited to, any interest in money market or other mutual funds)
> owned by Big Baboon from January 2015 to the present, including:
> any documents showing any sales or other transfer of stock; the
> fair market value of the stock; and the dividends or interest
> received in the last year.

> **Response to Request For Production No. 6:**
> None. Big Baboon does not own any outside stock bonds or
> financial instruments therefore have no documents to produce
> responsive to Request No. 6.

Big Baboon's response is incomplete. The request seeks documents about stocks, bonds,

and securities it has owned *since January 2015*, but Big Baboon provides information only about

**DEFENDANT SAP'S NOTICE OF MOTION**
**AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                              13

the present by phrasing its response in the present tense and not addressing the past. Big Baboon should revise its response to this document request and produce all requested documents and electronically stored information.

Request No. 6 seeks relevant documents and electronically stored information and is proportional to the needs of the case. The requested documents and electronically stored information about Big Baboon's assets from 2015 to the present are needed to trace Big Baboon's assets, to determine whether Big Baboon has attempted to shelter any assets, and also about whether it was undercapitalized or if it has co-mingled its assets with Mr. Wong's assets. *See Brown*, 2017 WL 10409840, at *1; *Ennova Research*, 2019 WL 367268, at *3.

> **Request For Production No. 8:**
> Please produce all financial filings Big Baboon has made to the United States federal government, including the Internal Revenue Service, from 2015, 2016, 2017, 2018, and 2019.

> **Response to Request For Production No. 8:**
> Such documents are produced herewith.

Big Baboon's response is false. Although Big Baboon's response states that responsive documents "are produced," it did not produce any responsive documents. (Ex. E.) Big Baboon should produce the requested tax returns and all other requested filings.

Request No. 8 seeks relevant filings and is proportional to the needs of the case. Big Baboon's tax returns will provide information about Big Baboon's income, which SAP may be entitled to in order to satisfy the judgment. *See Brown*, 2017 WL 10409840, at *1.

> **Request For Production No. 9:**
> Please produce all financial filings Big Baboon has made with any state government in the United States from 2015, 2016, 2017, 2018, and 2019.

> **Response to Request For Production No. 9:**
> Such documents are produced herewith. There is only one bank account for Big Baboon, The Bank of the West, account number will be provided together with the CPA's 2019 Financial Statement.

**DEFENDANT SAP'S NOTICE OF MOTION
AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                          14

Big Baboon's response is false and a non sequitur. Although Big Baboon's response states that responsive documents "are produced," it did not produce any responsive documents. (Ex. E.) Moreover, while the request seeks state financial filings (such as tax returns), Big Baboon's response addresses Big Baboon's bank account.

Request No. 9 seeks relevant filings and is proportional to the needs of the case. Big Baboon's tax returns will provide information about Big Baboon's income, which SAP may be entitled to in order to satisfy the judgment. *See Brown*, 2017 WL 10409840, at *1.

> **Request For Production No. 12:**
> Please produce all documents and/or electronically stored information related to any investor of Big Baboon, including, but not limited to documents that would identify the individual or entity who made the investment, the amount of the investment, the date of the investment, and the type of funding of the investment (i.e., cash, property, stock, etc.).
>
> **Response to Request For Production No. 12:**
> Investors, Brobeck Phleger Harrison LLP 130,000 shares at a total of $10.40, on 11/15/99, Mr. Rick Colosimo 26,000 Shares for $2.60 total. (See BBI Confidential 000001-000002 previously produced).

Big Baboon's response is incomplete, as it identifies only two investors, who invested a total of $13. The response does not mention Mr. Wong even though Big Baboon's complaint asserts he is the "owner of all stock" in Big Baboon. (ECF No. 1 at ¶ 22.) Big Baboon should update its response to identify any investor at any time and produce all documents and electronically stored information about investments into Big Baboon.

Request No. 12 seeks relevant documents and electronically stored information and is proportional to the needs of the case. The sought-after information is needed to determine whether Big Baboon is under-capitalized and whether it is dominated by a single shareholder. *See Ennova Research*, 2019 WL 367268, at *3.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Request For Production No. 14:**
Please produce all document and/or electronically stored
information that relate to any financial transaction between Big
Baboon and any of its officers or directors, including but not
limited to any financial transactions between Big Baboon and
Charles Wong.

**Response to Request For Production No. 14:**
Charles Wong does not have a salary from Big Baboon. There are
no other employees since 2015, and therefore no payroll records
exist responsive to this request.

Big Baboon's response is incomplete because the request asks about *any* financial
transactions between Big Baboon and its officers or directors, and not just about their salaries.
The request also is not limited to events taking place "since 2015" and it does not ask about
"employees," as assumed by Big Baboon's response. The response also does not mention the two
loans, totaling $120,000, made by Charles Wong to Big Baboon that are described in response to
Interrogatory No. 12, even though these are transactions between Big Baboon and one of its
officers. Nor does the response contain any detail about the other outstanding loans from
shareholders, described in the "Big Baboon Statement Of Assets Liabilities & Equity Income
Tax Basis As Of December 2019," produced by Big Baboon. (Ex. E at 4.) Big Baboon should
update its response and produce all requested documents.

Request No. 14 seeks relevant documents and electronically stored information and is
proportional to the needs of the case. The sought-after information is needed to determine
whether Big Baboon has attempted to shelter any assets, and also about whether it has co-
mingled its assets with Mr. Wong's assets. *See Brown*, 2017 WL 10409840, at *1; *Ennova
Research*, 2019 WL 367268, at *3.

1

## IV.   <u>CONCLUSION</u>

2

3        For the reasons stated herein, SAP respectfully requests the Court to issue an order

4   compelling Big Baboon to fully respond to the discovery requests at issue.

5

6   Dated: April 24, 2020                    KLARQUIST SPARKMAN, LLP

7

8                                            By: */s/ Klaus H. Hamm*
                                                 _____

9                                                KLAUS H. HAMM (SBN 224905)
                                                 klaus.hamm@klarquist.com
10                                               J. CHRISTOPHER CARRAWAY (*pro hac vice*)
                                                 chris.carraway@klarquist.com
11                                               KLARQUIST SPARKMAN, LLP
                                                 121 S.W. Salmon Street, Suite 1600
12                                               Portland, Oregon 97204
                                                 Telephone: (503) 595-5300
13                                               Facsimile: (503) 595-5301

14

15                                               Attorneys for Defendants
                                                 SAP AMERICA, INC. and HP INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT SAP'S NOTICE OF MOTION**
**AND MOTION TO COMPEL**
Case No. 4:17-cv-02082-HSG                                                        17