UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG BABOON, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAP AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-02082-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 112 |

Pending before the Court is Defendant SAP America's administrative motion to file under seal documents related to its motion to compel discovery in aid of judgment. Dkt. No. 112. The Court **GRANTS** the motion for the reasons described below.

### I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.     DISCUSSION

Because Defendant's motion to compel discovery is not a dispositive motion, the Court applies the lower good cause standard.

The current sealing request seeks to seal information that contains confidential and sensitive financial information relating to the operations and liabilities of Plaintiff, including account numbers, balance sheets, and copies of checks. *See* Dkt. No. 112-4 at 8; Dkt. No. 112-5. These requests are narrowly tailored to seal only sealable material (the confidential and sensitive

1   financial information), as required by Civil Local Rule 79-5.

2         The Court granted summary judgment in favor of Defendants, and the case was terminated
3   on April 24, 2019.  Dkt. No. 86; Dkt. No. 87.  Further, the motion to compel discovery in aid of
4   judgment was granted in part and denied in part on June 5, 2020 without reference to the
5   information sought to be sealed.  Dkt. No. 120.  Thus, these documents are unrelated to the
6   public's understanding of the judicial proceedings in this case, and the public's interest in
7   disclosure of these documents is minimal given that the case and the motion have been resolved.
8   *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D.
9   Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further
10  diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion
11  for Class Certification.").  Accordingly, because the documents divulge confidential financial
12  information unrelated to the public's understanding of the judicial proceedings in this action, the
13  Court finds that there is good cause to file the documents under seal.  *See Economus v. City & Cty.*
14  *of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019)
15  (finding compelling reason to seal because the sealing request divulged sensitive information no
16  longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*,
17  No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's
18  disclosure of personal information and irrelevance to the matter are compelling reasons to seal the
19  exhibit).

20  **III.   CONCLUSION**

21        The Court **GRANTS** Defendant's administrative motion to file under seal.  Pursuant to
22  Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motion is
23  granted will remain under seal.

25        **IT IS SO ORDERED.**
26  Dated:  3/8/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

3